ISAAC L. MERRILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61722.   Promulgated November 7, 1934.

*A. Calder Mackay, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

### OPINION.

Adams: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1929 in the amount of $1,398.91.

The facts were stipulated, which stipulation is made a part of our findings herein. Briefly, they are as follows:

During the years 1916 to 1918, petitioner purchased " Fifty thousand Rubles Russian Government bonds, 5½% ", due in 1926, at a cost of $15,500 or $310 per 1,000 rubles. During the year 1929 the petitioner sold the entire amount of these bonds for a net consideration of $101.

The Soviet Government, during February 1918, repudiated all obligations of previous Russian Governments, including the bonds referred to above.

The records of the Standard Statistics Co. of New York City disclose the following with regard to bonds of the Russian Government (Fifth War Loan) 5½'s, 1926:

During 1920 quoted at $75 to $80 per thousand rubles;

A sale of 20,000 rubles on January 18, 1920, at auction, for $1,700.00, or $85.00 a thousand;

During 1921 quotations of from $9.00 to $14.00 per thousand rubles;

During 1925 bids ranging from $2.00 to $2.50 per thousand rubles and offers to sell at from $3.00 to $4.00 per thousand rubles;

During 1926 offers of from $2.25 to $3.50 per thousand rubles and offers to sell at from $3.25 to $4.00 per thousand rubles;

During 1931 bids of from $1.25 to $2.50 per thousand rubles, and offers to sell at from $2.25 to $3.25 per thousand rubles.

It is stipulated that "Russian Government (Fifth War Loan) 5½s, 1926," were quoted during May 1934 at $1.50 per 1,000 rubles.

These facts present only one question for our determination, namely: Did petitioner sustain a deductible loss during the year 1929?

The applicable statute, section 23(e) of the Revenue Act of 1928, provides:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*        \*        \*        \*        \*        \*        \*

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business    \*    \*    \*.

We have had a number of cases involving losses on Russian Government bonds. Some have arisen where the owners of such bonds undertook to take a deduction for their losses under the bad debt provisions of the statute, and others under the loss provisions. Here, however, petitioner contends that he sold the bonds in good faith; that during all the years he owned them they were quoted on the market as having some value; that when he sold his bonds, he sustained as a loss the difference between what he received and the purchase price.

The respondent contends that the bonds became worthless in 1920 and that on two occasions the Board has held that bonds of the Russian Imperial Government, which were repudiated by the Soviet Government during 1918, became worthless in 1920, citing *Murchison National Bank*, 1 B. T. A. 617, and *Samuel Bird*, 4 B. T. A. 259. An examination of these cases will show that the Board held that the facts presented established that the bonds became worthless in 1920. Here, we have no testimony and must go to the stipulation agreed upon by the parties for the facts. From this it appears that, during every year up to and including 1929, when the bonds were sold,

they had been quoted on the market at some price. True, this price was a very small percentage of the cost of the bonds to the petitioner, but at the same time it was enough to show that these bonds were not worthless during that period.

Each case depends upon its own facts and we can only decide cases from the evidence presented to us at the hearing. If it be true, as contended by respondent, that these bonds were worthless in 1920 or at any other time prior to the date of their sale by petitioner, such fact does not appear in the record.

Respondent next contends that a taxpayer may not realize a 1929 income deduction by selling during that year securities which were worthless prior to 1929.

This proposition presupposes proof of the fact that the securities so sold were shown by the testimony to have become worthless prior to the date of the sale, and, therefore, respondent's proposition is not applicable to the case before us.

Respondent next contends that the market quotations of securities and sales of same at nominal prices are not conclusive evidence that such securities have any real value.

Admitting the correctness of the respondent's position as to this question, yet we think that, although all such quotations are not conclusive, still they are some evidence that such securities did have value, and where we find sales made on the basis of such quotations, there being no suggestion of collusion or bad faith in the sale, we are not prepared to say the testimony fails to show that the securities so sold did have value.

The mere fact that the Soviet Government repudiated the bonds did not make them worthless is evidenced by the quotations shown in the stipulation. It is true that the market value was considerably below par; nevertheless it is a known fact that bonds repudiated by one government are often recognized by a succeeding government.

On the record before us, the fact is that petitioner did purchase these bonds and did, during the year 1929, sell them for a sum less than the purchase price. These facts establish petitioner's right to take the loss as a deduction in his income tax return during the year of sale.

The determination of the respondent is reversed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*